**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LENIER AYERS,

          Plaintiff - Appellant,

   v.

HENRI RICHARDS; et al.,

          Defendants - Appellees.

No. 10-36160

D.C. No. 3:08-cv-05541-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

    Lenier Ayers, who is civilly committed in Washington state as a sexually

violent predator, appeals pro se from the district court's summary judgment in his

42 U.S.C. § 1983 action alleging numerous constitutional violations in connection

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

with his confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any ground supported by the record. *Corales v. Bennet*, 567 F.3d 554, 562 (9th Cir. 2009). We affirm.

Summary judgment was proper on Ayers's claims alleging excessive force, improper placement in administrative segregation, and improper housing assignments because Ayers failed to raise a genuine dispute of material facts as to whether defendants' actions were reasonably related to the purpose of his commitment or were punitive. *See Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004) (analyzing conditions of confinement for civil detainees under the Fourteenth Amendment and stating that, although such individuals cannot be subject to conditions amounting to punishment, "[l]egitimate, non-punitive government interests include . . . effective management of a detention facility").

We affirm the summary judgement as to all Ayers's remaining claims for the reasons stated in the magistrate judge's reports and recommendations entered on May 10, 2010 and November 4, 2010 and adopted by the district court on June 16, 2010 and December 1, 2010.

The district court did not abuse its discretion by denying Ayers's requests to reopen discovery because Ayers failed to show that he diligently pursued his previous discovery opportunities and how allowing additional discovery would

have precluded summary judgment.  *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002).

Ayers's remaining contentions, including those concerning appointment of counsel, are unpersuasive.

We do not consider arguments raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**